IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK HORGAN** | : |
| | : |
| Petitioner, | : |
| | : CIVIL ACTION |
| v. | : |
| | : 13-3370 |
| **TABB BICKELL, et. al,** | : |
| | : |
| Respondents. | : |

## ORDER

**AND NOW**, this 27th day of October 2014, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of Magistrate Judge Hey's report and recommendation (doc. no. 12) and petitioner's objection thereto (doc. no. 14), **IT IS HEREBY ORDERED** that:

1. The petitioner's objection is **OVERRULED**;[1]

---

[1] I review de novo those portions of the magistrate judge's report to which timely and specific objection is made. 28 U.S.C. § 636(b)(1); Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). Where objections are untimely, general, or not filed at all, I need only "give some reasoned consideration to the magistrate's report," Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), and review it for clear error, *See* Fed. R. Civ. P. 72(b) advisory committee's note. In any case, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 676 (1980).

Mr. Horgan raises eight claims of ineffective assistance of counsel. Judge Hey reached three claims on the merits. Those claims allege that trial counsel was ineffective for failing to present expert, medical and psychiatric testimony to establish that Mr. Horgan was incapacitated or unconscious due to the injuries sustained or was incapable of forming the requisite intent for third-degree murder. Judge Hey found the remaining claims were procedurally defaulted.

Mr. Horgan appears to confuse which claims Judge Hey reached on the merits. Mr. Horgan objects to Judge Hey's finding that claim 5a was procedurally defaulted. Claim 5a averred that trial counsel was ineffective for failing to present a defense of self-defense. In arguing against a finding of default, Mr. Horgan discusses the merits of his unconsciousness defense. Thus, it is clear that Mr. Horgan is only advancing his unconsciousness claim which I will review *de novo*.

I agree with Judge Hey's conclusion that the state court reasonably applied Strickland v. Washington in finding that trial counsel was not ineffective. 466 U.S. 668 (1984). The Pennsylvania Superior Court found that Mr. Horgan failed to establish the prejudice prong of the Strickland analysis. In determining prejudice, the question is whether there is a reasonable probability that the result of the proceeding would have been different. Id. at 694.

2. The report and recommendation is **APPROVED** and **ADOPTED**;

3. The petition for writ of habeas corpus is **DENIED**;

4. A certificate of appealability will not issue;

5. The clerk is directed to mark this case **CLOSED**.

BY THE COURT

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

There are two reasons why Mr. Horgan has not established prejudice. First, a jury convicted Mr. Horgan and his co-defendant of third-degree murder. The evidence established that Mr. Horgan and his co-defendant worked together to deal the deadly blows to the decedent's head. Accordingly, expert evidence about Mr. Horgan's capacity would not absolve him of accomplice liability for the actions of his co-defendant. Second, Mr. Horgan does not present any evidence in this court that an expert would be able to provide the testimony he desired. Indeed, PCRA counsel represented that trial counsel was unable to find an expert. Since Mr. Horgan is unable to identify any expert who would support his theory, there is no probability that the result of his trial would have been different.

I will not issue a certificate of appealability because Mr. Horgan has not made a substantial showing of the denial of a constitutional right. I have reviewed the remainder of Judge Hey's thorough report and recommendation, and find that it is well reasoned and free of clear error. Therefore, I adopt and approve the report and recommendation.